**FILED**

**FEB 2 3 2012**

STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF THE SEARCH OF )

THE RESIDENCE AND )
OUTBUILDINGS ON THE ) CASE NUMBER 12-m-7012
PROPERTY LOCATED AT )
████ BULL HOLLOW ROAD, )
FIELDON, ILLINOIS, FURTHER ) FILED UNDER SEAL
DESCRIBED AS A SINGLE-FAMILY )
RESIDENCE WITH TAN BLOCKs, )
WITH THE NUMBER ████ )
CLEARLY MARKED ON THE )
FRONT OF THE RESIDENCE AND )
THE DRIVEWAY IS LOCATED ON )
THE RIGHT SIDE OF THE )
RESIDENCE )

### APPLICATION AND AFFIDAVIT
### FOR SEARCH WARRANT

I, Richard Box, being duly sworn depose and say:

I am a Special Agent with the Federal Bureau of Investigation, and have reason to believe

that on the premises known as:

**The residence and outbuildings on the property located at ████ Bull Hollow Road, Fieldon, Illinois, further described as a single-family residence with tan blocks, with the number ████ clearly marked on the front of the residence and the driveway is located on the right side of the residence**

which residence is located within Jersey County, in the Southern District of Illinois, there is now

concealed certain property, namely

### See the attached list entitled "Attachment A, Items to be Seized,"

which constitutes evidence of the commission of a criminal offense or which is contraband, fruits

of the crime, or things otherwise criminally possessed, or which is designed or intended for use

or which is or has been used as the means of an offense, in violation of Title 18, United States

Code, Section Sections 922(b)(5) and 922(m) and Title 26, United States Code, Sections 7201

(attempt to evade or defeat tax); and 7206(1) (fraud and false statements, declaration under

penalties of perjury).

The facts to support the issuance of a Search Warrant are as follows:

### *SEE ATTACHED AFFIDAVIT OF FBI SPECIAL AGENT RICHARD BOX, ENTITLED "ATTACHMENT B"*

STEVEN WIGGINTON
United States Attorney



STEVEN WEINHOEFT
Assistant United States Attorney


State of Illinois      )
                       ) SS.
County of St. Clair    )

Sworn to before me, and subscribed in my presence on the _23rd_ day of February 2012,

at East St. Louis, Illinois.



STEPHEN WILLIAMS
United States Magistrate Judge

2

## ATTACHMENT "A" - Items to be Seized
▮ Bull Hollow Road, Fieldon, IL; and

1. Evidence of Income and expenditures:

    a. United States Currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property;

    b. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

    c. Papers, tickets, notes, schedules, receipts and other items relating to travel;

    d. This search warrant authorizes investigating agents to enter and photograph or video record the entire premises of ▮ Bull Hollow Road, including any outbuildings, to document the existence of assets, such as: electronics, furniture, fixtures, art, vehicles, equipment, firearms, or other personal items of value.

    e. Any and all documents, records or receipts of purchases, including the acquisition or purchase of firearms.

2. Tax Related Documents: Property which constitutes evidence of the commission of a criminal offense or which is contraband, fruits of the crime, or things otherwise criminally possessed, or which is designed or intended for use or which is or has been used as the means of committing an offense impacting the calendar years 2007 through 2011: all in violation of Title 26, United States Code, Sections 7201 (attempt to evade or defeat tax); 7206(1) (fraud and false statements, declaration under penalties of perjury). The aforementioned property will be limited to personal property pertained to DAVID J. RAY and/or business-related property for the following entities: Hunter Contracting and Development Inc., Hunter, LLC, Hunter Farms Wildlife, LLC, Hunter Leasing, Inc., Hunter Construction Co, Hunter Labor Services, Inc. and Hunter Development, LLC, as follows:

    a. Business and personal accounting records, to include accounting ledgers, payment ledgers, general ledgers, ledgers of cash receipts and disbursements, accounts payable, accounts receivable, financial statements, notes, payroll disbursements, payroll federal tax withheld, payroll Social Security tax withheld, payroll Medicare tax withheld, all tax related information, and all other summaries and compilations of financial information;

    b. Business and personal financial institution records, to include checkbooks, account applications, signature cards, deposit items, cancelled checks, withdrawal items, cash withdrawals, checks to cash, wire transfers, cashier's checks, money orders, traveler's checks, bank checks, official checks, cash advance checks,

1

ATTACHMENT "A" - Items to be Seized
■ Bull Hollow Road, Fieldon, IL; and

passbooks, records of safety deposit boxes and keys, monthly statements, investment accounts, foreign bank accounts, and the transfer, expenditure, and obtaining of money, credit card and debit card statements, brokerage account records, stocks and bonds, real estate, and commodities;

c. Business and personal loan records, to include loan applications and documents, tax returns, lists of assets, monthly payment slips, receipts, notifications of payments received, mortgage applications and documents, credit checks, and amortization statements;

d. United States Currency;

e. All financial and investment records related to financial transactions, assets, or investments, including the following: credit card statements, debit card statements, financial institution records, mortgage documents, mortgage applications, credit checks, loan documents, loan applications, brokerage records, stocks, bonds, real estate and commodities;

f. Books, records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks, receipts, passbooks, bank checks and other items evidencing the obtaining, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

g. Business and personal payroll records, to include employee names, addresses, phone numbers, Social Security Numbers, applications, contracts, pay grade forms, hourly wage statements, salary statements, financial and healthcare benefits, dates of employment, hours of employment, records of hours worked, sign-in and sign-out forms, punch-card systems, electronic tracking systems, time cards, payroll checks, payroll stubs, Forms W-2, Forms W-3, Forms 941, Forms 940, Extra Help Payroll records, notes, and correspondence;

h. Business and personal IRS forms and related documents, manuals, correspondence, and booklets, to include originals and copies of U.S. Individual Income Tax Returns and/or state tax returns and related documents;

i. Business incorporation and licensing applications or documents;

j. Photographs, in particular photographs of co-conspirators and assets;

k. Telephone records, cellular phone, and other devices that save phone and/or address books, names, addresses, text messages, and phone numbers, emails and electronic data;

l. Papers, tickets, notes, receipts and other items relating to domestic and international travel;

m. All of the foregoing items of evidence described above, in whatever form and by whatever means such items may have been created or stored, including any hand-made form, any photographic form or any electrical, electronic, digital or magnetic form, such as any information on an electronic, digital or magnetic storage device like a floppy diskette, hard disk, backup media, CD-ROM, thumb-drive, optical disc, electronic dialer, electronic notebook, as well as printouts or readouts from any digital or magnetic storage device;

3. Computer Related Evidence

   a. PERSONAL ELECTRONIC MEDIA: Telephones, cellular telephones, smart phones, PDA's, digital pagers, voice pagers, alpha-numeric display pagers and all information stored therein, either written or electronic – including text messages, emails, address books, calendars and pictures/videos. Agents are authorized to seize personal electronic media from the person of David J. Ray.

   b. COMPUTER HARDWARE: Computer hardware, including data-processing devices (such as central processing units, desktop computers, self contained "laptop" or "notebook" computers); internal and peripheral storage devices (such as fixed disks, floppy disks, external hard disks, floppy disk drives and diskettes, tape drives and optical storage devices, thumb-drives, and other memory storage devices); DVR recording systems; peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); and related communications devices; as well as any devices, mechanisms, or parts, that can be used to restrict access to computer hardware (such as physical lock and keys).

   c. COMPUTER SOFTWARE: Computer software, including programs to run operating systems, applications, utilities, compilers, interpreters, video, web browsers, and communications programs.

   d. COMPUTER DOCUMENTATION: All computer-related documentation including written, recorded, printed, or electronically-stored material which explains or illustrates how to configure or use computer hardware, software, or other related items.

   e. PASSWORD AND SECURITY INFORMATION: All computer passwords and data security devices, including encryption devices, chips and circuit boards.

4. Safes, vaults, gun vaults, lock boxes, fire-proof box, or other secure storage containers located on the premises that may contain any of the aforementioned items.

## ATTACHMENT "A" - Items to be Seized
Bull Hollow Road, Fieldon, IL; and

5. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, mail, deeds, leases or rental agreements, diaries, keys, identification documents, photographs or videotapes, utility and telephone bills, other account statements and bills, real estate tax statements, construction or improvement bills, materials purchase receipts, insurance documents, safety deposit box keys, and personal documents or photographs.

**Attachment C - ▮▮▮ Bull Hollow Road, Fieldon, IL**



Aerial view of entire property, including winding driveway, residence, and outbuilding

**Attachment C -** ___ **Bull Hollow Road, Fieldon, IL**



Exterior of Residence

2

**Attachment C -      Bull Hollow Road, Fieldon, IL**



Outbuildings



Entry to Walk-in Gun Safe



Interior Photo #1 of Walk-in Gun Safe

**Attachment C -** ▮▮▮▮ **Bull Hollow Road, Fieldon, IL**



Interior Photo #2 of Walk-in Gun Safe

## Attachment B
## Affidavit Of Richard Box

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS. |
| COUNTY OF ST. CLAIR | ) | |

I, Richard Box, under the penalty of perjury declare that I am over the age of eighteen and the information set forth in this Affidavit is true and correct to the best of my knowledge and belief:

### AFFIANT:

1. Richard Box, being duly sworn, deposes and states: I am a Special Agent with the Federal Bureau of Investigation (FBI) of the United States Department of Justice, and have been so employed for approximately 8 years. I am currently assigned to the Drug Enforcement Administration Task Force (DEATF) conducting narcotics investigations. I have participated in numerous narcotics investigations involving the transportation of controlled substances and/or of the proceeds/payments from controlled substance sales throughout the United States during my tenure with DEATF. I have participated in numerous drug investigations, which have resulted in the seizure of methamphetamine, crystal methamphetamine, ecstasy, cocaine, marijuana, heroin, and other controlled substances. I am familiar with and have utilized normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of undercover agents and the use of court-authorized wire intercepts.

2. The drug investigations mentioned above have resulted in the seizure of cocaine, cocaine base, commonly known as crack cocaine, methamphetamine, heroin, marijuana, and other controlled substances. I am familiar with and have used all normal methods of

investigations, including, but not limited to, visual surveillance, questioning of witnesses, use of search warrants, use of informants, use of pen registers, the utilization of confidential sources and undercover agents, and the use of court authorized wire intercepts.

3.   I have received extensive training by the FBI. In addition to my experience investigating drug crimes, I have also received training and experience investigating crimes related to domestic terrorism, as well as financial crimes. I have been assisted in this investigation by agents of the Internal Revenue Service/Criminal Investigations, as well as by other members of local law enforcement. This Affidavit is made in support of a warrant to search for and seize evidence. Because this affidavit is submitted for the limited purpose of establishing probable cause to obtain a search warrant, I have summarized a number of investigative findings, but I have not included the details of every aspect of the investigation.

4.   During the course of the investigation, several sources of information have been utilized, including but not limited to witness interviews, public records, business records, and other federal and state agencies. All of the information contained in this affidavit is based on personal knowledge of your affiant and the investigative sources of your affiant. The facts to support the issuance of a search warrant for the premises described above are as follows:

## INTRODUCTION

5.   DAVID J. RAY (hereinafter, RAY) resides at ▮▮▮▮ Bull Hollow Road, Fieldon, Jersey County, Illinois, (hereinafter, Target Premises #1) and is the President/Owner of Hunter Contracting and Development Inc. and Hunter, LLC, both of which are located at ▮▮▮ South 5th Street, St. Charles, St. Charles County, Missouri 63301 (hereinafter, Target Premises #2). Hunter Contracting and Development Inc. is a construction company that focuses on rehabbing/remodeling homes.

2

6. The investigation into DAVID RAY is focused on two primary issues. First, RAY is believed to be involved in drug crimes; and is believed to be a drug user in possession of firearms, in violation of Title 18 United States Code, Section 922(g) (prohibited person in possession of a firearm). Second, RAY is believed to be using multiple business entities to hide assets to evade the assessment of income taxes, and to facilitate his falsification of federal income tax returns, in violation of Title 26, United States Code, Sections 7201 (attempt to evade or defeat tax); and 7206(1) (fraud and false statements, declaration under penalties of perjury).

7. The investigation of the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target Premises #3) is focused on whether ▮▮▮ the owner of that business, as a Federal Firearms License (FFL) holder, has unlawfully sold firearms, in violation of Title 18, United States Code, Sections 922(b)(5) and 922(m). Additionally, agents are seeking evidence whether ▮▮▮ is a drug user in possession of firearms, in violation of Title 18 United States Code, Section 922(g) (prohibited person in possession of a firearm).

## I. DRUG/FIREARMS INVESTIGATION

8. In December 2011, members of the South Central Illinois Drug Task Force (SCIDTF) contacted the Federal Bureau of Investigation to request assistance investigating the narcotic related activities of DAVID J. RAY and his associates. ▮▮▮

▮▮▮ who asked the Jersey County Sheriff's Department to "do something" about DAVID RAY. ▮▮▮ explained that he had observed RAY "coked out" on more than one occasion. ▮▮▮ further stated that RAY's friends in the community are concerned that he is on a "downhill spiral" because of his drug use. A Jersey County Sheriff's Deputy advised that multiple cooperating witnesses have advised that RAY has been increasing his cocaine use in the last few years.

3



9.     Agents have also identified ████████ ████████ , ████

████ , ████████ , and ████████ as additional associates of

DAVID RAY who are involved in the use of cocaine while possessing firearms. Furthermore,

pursuant to the investigation, agents have identified RAY's home, located at ████ Bull Hollow

Road, Fieldon, Illinois (Target Premises #1), as a residence believed to be utilized as a "stash"

location.

10.     DAVID RAY's drug use and distribution consists of close and trusted associates

located in the Jersey County, Illinois area. RAY acts as the leader and is the main source of

supply for this suspected cocaine distributing organization, and is directly responsible for

arranging cocaine to be brought into the Jersey County, Illinois area. Once in the area, RAY re-

distributes the cocaine. This information was developed through corroborated information

provided to the FBI by Sources of Information and trash pulls. It is believed that RAY's drugs

are initially stored in Target Premises #1 and then re-distributed from Target Premises #1.

11.     ████████ has been identified as an associate and drug user in possession of

firearms, as well as a drug user dealing firearms; operating in the Jersey County, Illinois area.

████ operates a business called the DISCOUNT HOUSE, 711 South State Street, Jerseyville,

Illinois 62052 (Target Premises #3). The DISCOUNT HOUSE is a Federal Firearms License

(FFL) holder that is in the business of selling firearms.

12.     Currently, the investigation has revealed that this organization is involved in the

following activities: drug use, drug distribution and suspected money laundering. On or about,

February 8, 2012, at approximately 6:30 p.m., agents working with the SCIDTF ████████

████████ Bull Hollow Road, Fieldon, Illinois (Target Premises #1) after receiving

complaints that RAY was using cocaine in his home. ████████ resulted in the discovery of

4

a sandwich bag that field tested positive for the presence of cocaine. Also found ▮▮▮▮ was
a piece of straw commonly used to ingest cocaine.

13.     RAY and ▮▮▮▮ have been mentioned in interviews completed by the FBI. In
these discussions, both RAY and ▮▮▮▮ were identified as cocaine users and distributors
obtaining unknown quantities from an unknown source of supply believed to be in Texas or
Mexico.

14.     In January 2012, a Cooperating Witness ▮▮▮▮ provided information to
law enforcement agents regarding RAY and ▮▮▮▮ and their narcotic related activities. ▮▮▮▮

15.     ▮▮▮▮ stated that ▮▮▮▮ DAVID RAY has been
using cocaine for approximately three years. ▮▮▮▮

█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
████████ ████████████████████████
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
████████

16.    In January 2012, ████████████████████████ provided information to law enforcement agents regarding RAY and ███ and their narcotic related activities. The information provided by ███ has proven reliable and has been corroborated by the investigative team. ███ stated that since 2008, he/she has used cocaine with RAY ███ ████████████████ stated that he/she had used cocaine with RAY ███ ██████████ ████████████████████████. ███ stated that every time he/she saw RAY, that RAY would have some quantity of cocaine on his person. When RAY and ███ would use cocaine together, RAY was always the one to provide the cocaine, and would not charge ███ for the portion he/she used. ███ stated that he/she has been present when RAY has snorted cocaine with ████████, ████████████ ██████████████, and ████████████.

17.    ███ said that he/she had previously been to Target Premises #1 with RAY and knew that RAY utilized the residence to store his narcotics. Specifically, ███ stated that on

6

one occasion in ████████████████ he/she observed RAY and ████ go into gun vault to retrieve some cocaine ████ described the gun vault as being approximately twelve foot by fifteen foot. ████ invited ████ to observe RAY breaking off the corner of a "cooler lid" sized amount of cocaine that RAY had in his vault ████ described the cocaine as being at least eighteen inches by twenty four inches in size and approximately three inches deep. The portion that was broken off was then chopped up and snorted by ████ , RAY, and ████

18.    ████ stated that it was common for RAY to have golf-ball sized amounts of cocaine laying around in various places around his house (Target Premises #1). ████ stated that RAY would often forget where he placed the golf-ball sized baggies of cocaine, and would have to go grab a different one.

19.    ████ stated that RAY does not have an Illinois Firearm Identification (FOID) Card, but purchases all of his firearms from ████ business, the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target Premises #3).

20.    ████████████████████████████████████
████████████████████   ████████████████████
████████████████████████████████   stated that to complete
the purchase that ████ would have to falsify the sales records ████████████
████████████████ ████ when in fact DAVID RAY was the purchaser.  In addition to
████ using cocaine while operating a gun dealership and maintaining a Federal Firearms
License, it appears that ████ has aided and abetted the straw purchases of guns by RAY while
located at the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target
Premises #3).

7

Case 3:12-mj-07012-SCW Document 13 Filed 01/06/14 Page 19 of 22 Page ID #88

21. On February 23, 2012, your Affiant contacted the Illinois Statewide Terrorism Information Center (STIC), located in Springfield, Illinois. The STIC is a law enforcement fusion center that functions as a 24/7 Operations Center for the Illinois State Police and the State of Illinois. The STIC is comprised of Intelligence Analysts and Operational Specialists from Federal, State, and Local Law Enforcement Agencies whose main mission is to provide timely, effective, and actionable intelligence to the Public and Private Sector partners throughout the State of Illinois. The STIC has access to the Illinois State Police records pertaining to the issuance of Firearms Owners Identification (FOID) Cards. The STIC verified that they have no record on file of DAVID RAY being issued a valid FOID card.

22. [redacted] that DAVID RAY has a gun vault in the home, [redacted] (See Attachment C). [redacted] estimated that RAY has approximately one hundred and fifty guns in his approximately 200 square foot gun vault. [redacted] agents ran a query through the Illinois State Police's Firearm Transfer Inquiry Program (FTIP). Illinois law requires that, when a firearm is sold by a Federal Firearms License (FFL) holder, like the DISCOUNT HOUSE, the seller must perform a dial-up inquiry to the Illinois State Police to verify that the buyer's FOID card is valid. This check is known as an FTIP check. Agents performed an FTIP check on [redacted]

As an FFL, the DISCOUNT HOUSE is required by statute to maintain firearms sales records, including ATF Forms 4473. Those records must be maintained by the FFL for examination by the ATF. Affiant seeks the issuance of a search warrant for Target Premises #3 to examine the DISCOUNT HOUSE's sales records for evidence of the unlawful sale of firearms.

23. ▮▮▮ stated that RAY was ▮▮▮ cocaine supplier; however ▮▮▮ has never seen ▮▮▮ carrying more than $100 worth of cocaine on his person at a time.

24. ▮▮▮ stated that in ▮▮▮ RAY had a party at his residence. While at the party, ▮▮▮▮▮ walked into the bathroom and caught RAY's associates snorting cocaine. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and left the party.

25. ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, observed men at the party snorting cocaine in the bathroom of the nanny's quarters. ▮▮▮▮ stated that ▮▮▮▮ told ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ left the party.

26. ▮▮▮ informed that RAY has boasted to ▮▮▮ and ▮▮▮ that he has a Mexican who walks his cocaine across the border for him. ▮▮▮ stated that RAY is known for having the best cocaine in the area. ▮▮▮ believes that RAY uses his business affiliations in Texas to facilitate his drug transportation from Texas to the Jersey County, Illinois area.

27. ▮▮▮▮ stated that RAY takes trip to Texas at least ten times per year. Since establishing his business ties in Texas, RAY has become more flamboyant with his money. On or about June 2008, RAY built his home located at Target Premises #1. According to ▮▮▮ ▮▮▮ RAY paid for all of his personal expenses incurred during the construction of the home with funds from one of his companies, HUNTER, LLC. ▮▮▮▮ estimated RAY's new residence, and surrounding 300 acres, to be worth approximately $5 million. (Photographs of the residence are attached as Attachment C).

28. ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮

29.    A Jersey County Tax Payment Inquiry for RAY's residence indicated that Parcel Number ███████████, also identified as ██████ Bull Hollow Road, Fieldon, Illinois (Target Premises #1), is owned by HUNTER LLC, and had a property tax of $16,672.60. The property taxes for that property were paid in two separate $8,336.30 installments, one dated August 16, 2011 and the second dated September 12, 2011.

30.

31.    RAY is known throughout the area as being an avid water fowl hunter.  RAY enters the lottery to draw for a duck blind in the Jersey County area every year.  DAVID RAY and his brother, ██████████, were attempting to purchase duck hunting property from ██████ ██████

32.     Records from the Illinois Department of Natural Resources have confirmed that DAVID RAY has been issued multiple hunting permits in 2011 for Turkey (shotgun/archery), Deer (firearm), and Deer (muzzleloader). He has also been issued permits to hunt waterfowl. These hunting permits further confirm his possession of firearms.

## CONCLUSIONS:

33.     Having been involved in numerous investigations, I have come to learn that people who are involved in buying and distributing narcotics regularly keep additional quantities of those drugs at the same location where the subject is using. These locations routinely include locations that are private, such as a person's home or their personal office space.

34.     I submit this affidavit in support of search warrants for the location within the jurisdiction of the reviewing Court. I have reviewed the description of this premise and believe it to be accurate, particularized descriptions of the premise to be searched.

35.     Based upon my and the investigating team's experience and our participation in investigations of other drug users and gun owners, I know:

> a.  That drug users very often hide their drugs throughout their residence or other private place to avoid detection of their drug use;
>
> b.  That even though they may provide user quantities to criminal associates, they typically have larger quantities in their own personal stash;
>
> c.  That drug distributors commonly "front" (provide drugs on consignment) illegal drugs to their customers;
>
> d.  That it is common for drug distributors to secrete contraband, proceeds of drug sales, and records of drug transactions in a residence, among other private places such as a personal office;

11